**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Trustees of Ohio Bricklayers
Health and Welfare Fund, *et al.*,

        Plaintiffs,

    v.                                   Case No. 1:13cv93

The Ardit Company, *et al.*,                Judge Michael R. Barrett

        Defendants.


## OPINION & ORDER

This matter is before the Court upon Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint. (Doc. 11). Plaintiffs filed a Response in Opposition (Doc. 13) and Defendants filed a Reply (Doc. 14).

## I. BACKGROUND

Plaintiffs are the Trustees of Ohio Bricklayers Health and Welfare Fund, Trustees of the Bricklayers and Trowel Trades International Pension Fund, Trustees of the International Masonry Institute, Trustees of the Bricklayers and Allied Craftworkers Local No. 55 Pension Fund, Trustees of the Bricklayers and Allied Craftworkers Local No. 55 Voluntary Employees Beneficiary Association, and Trustees of the Bricklayers Local Union No. 55 Joint Apprenticeship Training Fund.

The Funds are multi-employer plans which are maintained pursuant to collective bargaining agreements.

The following facts are taken from the Amended Complaint. (Doc. 9). Defendant

The Ardit Company is a signatory to a CBA with the Bricklayers and Allied Craftworkers Local No. 18 ("Local 18"), which was effective June 1, 2007 through August 31, 2009. (Id., ¶ 12).   As part of the CBA, Ardit agreed that the Tile, Marble and Terrazzo Contractors Association of Greater Cincinnati ("the Association") was its bargaining agent.  (Id., ¶ 13).   The Association negotiated subsequent CBAs with Local 18 for September 1, 2009 through August 31, 2010, September 1, 2010 through August 31, 2012, and September 1, 2012 through August 31, 2014.   (Id.)   Plaintiffs claim that Ardit is bound by these CBAs.   (Id., ¶ 14).

These CBAs contain a "traveling contractor's" clause which permits signatory employers to perform work in other geographic jurisdictions beyond the geographic jurisdiction of Local 18.   (Id., ¶ 15).   Ardit performed work within the geographic jurisdiction of Bricklayers and Allied Craftworkers Local No. 55 ("Local 55") within the months of September 2012 through, at least, December 2012.  (Id., ¶ 17).   By doing work in Local 55's geographic jurisdiction, Ardit was obligated to "abide by the full terms and conditions of the" Local 55 CBAs, including submitting timely and accurate monthly reports to the Funds with respect to all its employees performing covered work and to make contributions to the Funds in accordance with the terms and conditions of the Local 55 CBA.  (Id., ¶¶ 18-19).   Ardit has submitted some but not all required monthly reports and contribution payments for work performed in Local 55's jurisdiction.   (Id., ¶ 20).

In the Amended Complaint, Plaintiffs bring claims pursuant to Section 301 of the Labor-Management Relations Act ("LMRA"), as amended, 29 U.S.C. § 185, and Sections 409(a), 502(a)(3), (e), (f) & (g) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1109, 1132(a)(3), (e), (f) & (g) and 1145.

2

In their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants argue that Ardit terminated the 2010 CBA, and therefore after August 31, 2012, Ardit was no longer obligated to make contributions to the Funds.

## II.  ANALYSIS

When reviewing a 12(b)(6) motion to dismiss for failure to state a claim, this Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)).   To properly state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).   "[T]o survive a motion to dismiss, a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'"  *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Before turning to Defendants' arguments regarding dismissal of Plaintiffs' claims, the Court must decide whether to consider documents attached to Defendants' Motion to Dismiss.

"When a court is presented with a Rule 12(b)(6) motion, it may consider . . . exhibits attached to defendant's motion to dismiss so long as they are referred to in the

3

[c]omplaint and are central to the claims contained therein." *Devlin v. Kalm*, 531 F. App'x 697, 703 (6th Cir. 2013) (quoting *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)).  However, "[w]hile documents integral to the complaint may be relied upon, even if they are not attached or incorporated by reference, it must also be clear that there exist no material disputed issues of fact regarding the relevance of the document." *Mediacom Se. LLC v. BellSouth Telecomms., Inc.*, 672 F.3d 396, 400 (6th Cir. 2012) (citations, internal quotation marks, and alterations omitted) (explaining that district court's reliance on agreement in granting motion to dismiss was improper because the facts in the complaint directly conflict with the facts in the agreement.).

Attached to Defendants' Motion to Dismiss is a letter from counsel representing Ardit written to Local 18 and the Association.  (Doc. 11-1).  The letter is dated May 31, 2011 and states that Ardit is terminating the 2010 CBA.  Also attached are fax sheets and the unsigned certified mail receipts purportedly showing the letter was faxed and sent to each of the addressees.  Plaintiffs argue that this group of documents is not referenced in the Amended Complaint or central to the claims asserted there, and therefore, the documents should not be considered.

In addition, Plaintiffs argue that Local 18 never acknowledged that there was any effective termination of the CBA.  Plaintiffs submit their own documents, attached to their Response to the Motion to Dismiss, and explain that on August 10, 2012 there was an NLRB election after which Local 18 was certified the winner.  Plaintiffs explain that Ardit filed objections to the election, which were overruled on May 13, 2013.  Plaintiffs argue that the election rendered legally ineffective any purported termination of the CBA.

Defendants responded in their Reply, and with the Reply included a Declaration by

Michele Johnson, Ardit's President, which sets forth facts, authenticates the May 31, 2011 letter and presents additional documents which are attached as exhibits to the Declaration.  Defendants also suggest that this Court treat their Motion to Dismiss as one for summary judgment.

"When a court considers matters outside the pleadings in a Rule 12(b)(6) motion, Rule 12(d) requires that the motion must be treated as one for summary judgment under Rule 56."  *Tackett v. M & G Polymers, U.S.A., LLC*, 561 F.3d 478, 487 (6th Cir. 2009); *see also* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").  When converting a motion to dismiss into a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d).  "Whether notice of conversion of a motion to dismiss to one for summary judgment by the court to the opposing party is necessary depends upon the facts and circumstances of each case."  *Salehpour v. Univ. of Tennessee*, 159 F.3d 199, 204 (6th Cir. 1998) (citing *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 393 (6th Cir. 1975)).  The Sixth Circuit has held that where both parties submitted numerous exhibits fully addressing the defendant's argument for dismissal, the parties had sufficient notice that the district court could consider this outside material when ruling on the issues presented in the motion to dismiss and could convert it into a motion for summary judgment under Fed.R.Civ.P. 12(b).  *Shelby Cnty. Health Care Corp. v. S. Council of Indus. Workers Health & Welfare Trust Fund*, 203 F.3d 926, 932 (6th Cir. 2000).

The Court finds it unnecessary to convert Defendants' Motion to Dismiss to one for

summary judgment because there are material disputed issues of fact regarding the relevance of the documents submitted by Defendants.  Therefore, the Court will not consider the documents in deciding Defendants' Motion to Dismiss.  Absent these documents, Defendants do not argue that the factual allegations in the complaint fail to "raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true."  *Twombly*, 550 U.S. at 555.  Accordingly, Defendants have not shown that Plaintiffs have failed to state a claim.

## III.   <u>CONCLUSION</u>

Based on the foregoing, Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 11) is **DENIED**.

**IT IS SO ORDERED.**

_____*/s/ Michael R. Barrett*_____
Michael R. Barrett, Judge
United States District Court